| | |
|---|---|
| **BOULDER COUNTY DISTRICT COURT, COLORADO**<br>Boulder County Justice Center<br>1777 6th Street<br>Boulder, CO 80302 | DATE FILED: July 1, 2020 5:20 PM<br>FILING ID: 4CB4D3A72B61B<br>CASE NUMBER: 2020CV30540 |
| **Plaintiff(s):**   DIANE CONNOLLY<br><br>**v.**<br><br>**Defendant**:   SEAN SULLIVAN and JOSEPH SULLIVAN | ▲ Court Use Only ▲ |
| ***Attorneys for Plaintiffs*:**<br><br>Rebecca B. Albano, Esq., #38044<br>Law Office of Rebecca Albano, LLC<br>1665 Grant Street<br>Third Floor<br>Denver CO 80203<br>Telephone:  (303) 815-1592<br>Facsimile:    (303) 815-1593 | Case No.:<br><br>Div:        Ctrm:<br>This case is NOT subject to the simplified procedure for court actions under Rule 16.1 because:<br><br>X    Claims against any party exceed $100,000.00 [see C.R.C.P. 16.1(b)(2) and (c) |
| **COMPLAINT** | |

Plaintiff, Diane Connolly, by and through her attorneys, Law Office of Rebecca Albano, LLC, brings this Complaint against Defendants, Sean Sullivan and Joseph Sullivan.  As grounds, Plaintiff states as follows:

## INTRODUCTION

1. Plaintiff Diane Connolly seeks compensatory damages arising from injuries sustained as a direct result of the negligence of Defendant Sean Sullivan, hereinafter known as "Defendant S. Sullivan."

2. On October 31, 2017 Plaintiff was injured when Defendant S. Sullivan negligently and/or carelessly operated the vehicle he was driving, causing a T-bone collision with Plaintiff's vehicle.

Exhibit A

3. On October 31, 2017, Defendant Joseph Sullivan, hereinafter "Defendant J. Sullivan" owned, controlled and insured the subject vehicle driven by Defendant S. Sullivan.

4. At that time, Defendant J. Sullivan negligently entrusted the vehicle to Defendant S. Sullivan.

## PERSONAL JURISDICTION

5. Pursuant to C.R.S. § 13-1-124 (West 2020), this Court has personal jurisdiction over the parties to this action as the tortious act occurred in Colorado.

## SUBJECT MATTER JURISDICTION

6. Pursuant to C.R.S. Const. Art. 6 § 9 (West 2020), this Court has subject matter jurisdiction over this action because it involves a civil matter (motor vehicle collision), and the amount in controversy exceeds $15,000.

## VENUE

7. Pursuant to C.R.C.P. 98(c) (West 2020), venue is proper in Boulder County District Court because the tort was committed in Boulder County, Colorado.

## GENERAL ALLEGATIONS

8. Plaintiffs incorporate the above and below paragraphs as though fully set forth herein.

9. That at all times relevant hereto, Plaintiff was a resident of the City of Boulder, County of Boulder, State of Colorado.

10. That at all times relevant hereto, Defendant S. Sullivan was a resident of the City of Boulder, County of Boulder, State of Colorado.

11. That at all times relevant hereto, Defendant J. Sullivan was a resident of the City of Centerport, County of Suffolk, State of New York.

12. On October 31, 2017, Defendant S. Sullivan was the driver of a 2016 Subaru Outback owned and insured by Defendant J. Sullivan.

13. At that time, Plaintiff was the driver of a 2014 Mazda 3.

14. At that time and place, Plaintiff was in #2 left turn lane at 27th Way at the intersection of Broadway waiting to turn left.

Exhibit A

15. At that time and place, Plaintiff received a green arrow and proceeded into the intersection to make a left turn onto SB Broadway.

16. At that time and place, Defendant S. Sullivan was traveling NB on Broadway in the #1 lane approaching 27th Way.

17. At that time and place, Defendant S. Sullivan failed to stop at a red light.

18. At that time and place, Defendant S. Sullivan proceeded into the intersection and T-boned Plaintiff.

19. At that time and place, Defendant S. Sullivan was distracted.

20. At that time and place, the collision was the result of the negligent conduct of Defendant S. Sullivan.

21. At that time and place, the collision was the result of the negligent conduct of Defendant J. Sullivan.

22. Plaintiff sustained serious injuries, damages, and losses as a result of the collision.

23. The collision occurred in Boulder County, State of Colorado.

**FIRST CLAIM FOR RELIEF**
(*Negligence by Defendant S. Sullivan Causing Injury to Plaintiff*)

24. Plaintiff incorporates the above and below paragraphs herein by reference.

25. Defendant S. Sullivan owed a duty to Plaintiff to exercise reasonable care in the operation of his motor vehicle.

26. In operating said vehicle, Defendant S. Sullivan breached his duty and was negligent and careless in the following respects:

    a. Driving negligently;
    b. Driving carelessly;
    c. Driving recklessly;
    d. Using his cell phone while driving;
    e. Failing to exercise due care;
    f. Failing to keep a proper lookout;
    g. Failing to see what was plainly visible; and
    h. Generally operating a vehicle in a negligent, and/or careless manner.

Exhibit A

27. As a direct, foreseeable and proximate result of the negligence and carelessness of Defendant S. Sullivan, Plaintiff suffered and will suffer, including, but not limited to, the following injuries, losses, and damages:

    a. Serious bodily injury; including, but not limited to, physical injuries, concussion, brain injury, cognitive impairment, visual disturbance and post-traumatic vision issues, PTSD, back injury, neck injury, shoulder injury, chest injury, tinnitus, sleep difficulties and other physical injuries;

    b. Past and future economic expenses, losses, and damages including, but not limited to, wage loss, loss of use, out of pocket expenses, medical and other health care and rehabilitation expenses related to her injuries, past and future loss of earnings, loss of earning capacity, and loss of time;

    c. Past and future, non-economic expenses, losses, and damages including, but not limited to, pain and suffering, inconvenience, impairment of quality of life, loss of time, loss of enjoyment of life.

    d. Temporary and permanent physical impairment and disfigurement.

28. On or about October 31, 2017, Defendant S. Sullivan was 100% negligent, and/or careless in causing this collision.

## SECOND CLAIM FOR RELIEF
(*Negligence per se by Defendant S. Sullivan Causing Injury to Plaintiff*)

29. Plaintiff incorporates the above and below paragraphs herein by reference.

30. Defendant S. Sullivan's conduct was in violation of C.R.S. § 42-4-1402, and therefore, Defendant S. Sullivan's negligence constitutes negligence *per se*.

31. C.R.S. § 42-4-1402 proscribes certain conduct, i.e. driving in a careless manner.

32. Defendant S. Sullivan violated C.R.S. § 42-4-1402 when he drove his vehicle carelessly, causing a T-bone collision with Plaintiff's vehicle.

33. The purpose of C.R.S. § 42-4-1402 is to prevent against the types of injuries, damages, and losses that Plaintiff sustained in the collision.

34. As a direct, foreseeable, and proximate result of the negligence *per se* of Defendant S. Sullivan, Plaintiff has suffered and will continue to suffer the injuries, damages, and losses as set forth herein.

Exhibit A

35. Defendant S. Sullivan's conduct was also in violation of C.R.S. § 42-4-1401, and therefore, Defendant S. Sullivan's negligence constitutes negligence *per se*.

36. C.R.S. § 42-4-1401 proscribes certain conduct, i.e. driving in a reckless manner.

37. Defendant S. Sullivan violated C.R.S. § 42-4-1401 when he drove his vehicle in a reckless manner, causing a T-bone collision with Plaintiff's vehicle.

38. The purpose of C.R.S. § 42-4-1401 is to prevent against the types of injuries, damages, and losses that Plaintiff sustained in this collision.

39. As a direct, foreseeable, and proximate result of the negligence *per se* of Defendant S. Sullivan, Plaintiff has suffered and will continue to suffer the injuries, damages, and losses as set forth herein.

## THIRD CLAIM FOR RELIEF
### (*Negligent Entrustment by Defendant J. Sullivan Causing Injury to Plaintiff*)

40. Plaintiff incorporates the above and below paragraphs herein by reference.

41. Defendant J. Sullivan was the subject owner of the vehicle driven by Defendant S. Sullivan on October 31, 2017.

42. At that time, Defendant J. Sullivan negligently entrusted the subject vehicle to Defendant S. Sullivan.

43. At that time, Defendant J. Sullivan knew or should have known that Defendant S. Sullivan had the propensity to use the vehicle in a careless manner.

44. At that time, Defendant J. Sullivan knew that Defendant S. Sullivan had the propensity to use the vehicle in a reckless manner.

45. Due to the negligent entrustment of Defendant J. Sullivan, Defendant S. Sullivan caused a T-bone collision.

46. Due to the negligent entrustment of Defendant J. Sullivan, Defendant S. Sullivan injured the Plaintiff.

47. Defendant J. Sullivan is responsible for the reckless and careless conduct of Defendant S. Sullivan.

5

Exhibit A

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment for Plaintiff and against Defendants in an amount to fairly and reasonably compensate her for her injuries and damages as set forth above; including, but not limited to, temporary and permanent physical injury, economic losses and non-economic losses, property damage, wage loss, expert witness fees, statutory interest from the date of this cause of action or as otherwise permitted under Colorado law and for such other and further relief as this Court deems just and proper.

**DATED THIS 1st day of July 2020.**

**LAW OFFICE OF REBECCA ALBANO, LLC**
*This pleading was filed electronically pursuant to Rule 121, § 1-26. The original signed pleading is in counsel's file.*

By: */s/ Rebecca B. Albano*

Rebecca B. Albano, Esq., #38044
LAW OFFICE OF REBECCA ALBANO, LLC
1665 Grant Street Denver, CO 80203
PH: 303.815.1592 F 303.815.1593

*ATTORNEY FOR PLAINTIFF*

**Plaintiffs' Addresses:**
3410 Everett Dr.
Boulder, CO 80305

Exhibit A